**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **KAPPA DIGITAL, LLC,**<br><br>        **Plaintiff,**<br><br>        **v.**<br><br>**1) ONSTAR, LLC; and**<br>**2) GENERAL MOTORS CO.,**<br><br>        **Defendants.** | **CIVIL ACTION NO. 2:15-cv-1775**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      This is an action for patent infringement in which Kappa Digital, LLC ("Kappa" or "Plaintiff"), makes the following allegations against OnStar, LLC ("OnStar") and General Motors Co. ("GM") (collectively, "Defendants").

**PARTIES**

2.      Plaintiff is a Texas limited liability company with its principal place of business at 1333 W. McDermott Drive, Suite 241, Allen, Texas 75013. Kappa's president is Daniel F. Perez.

3.      On information and belief, Defendant OnStar is a Delaware corporation, and subsidiary of Defendant GM, with its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265.  OnStar's Registered Agent for service of process in Texas appears to be CSC- Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, TX 78701

4.      On information and belief, Defendant GM is a Delaware corporation with its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265.  GM's Registered Agent for service of process in Texas appears to be CSC- Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, TX 78701.

**JURISDICTION AND VENUE**

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

7.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,349,135

8.     Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 6,349,135 ("the '135 Patent") entitled "Method And System For A Wireless Digital Message Service"– including all rights to recover for past and future acts of infringement.  The '135 Patent issued on Feb. 19, 2002.  A true and correct copy of the '135 Patent is attached as Exhibit A.

9.     Upon information and belief, OnStar is making, made, having made, installing, installed, using, used, importing, imported, providing, provided, supplying, supplied, distributing, distributed, selling, sold, offering and/or offered for sale products, services and/or systems (the "infringing systems") that infringe or, when used by their intended users in the manner intended by OnStar, infringe(d) one or more claims of the '135 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, OnStar's infringing systems include, but are not limited to, at least its Automatic Crash Response, Emergency Services, Crisis Assist, Roadside Assistance, Stolen Vehicle Assistance, Remote Ignition Block, Stolen Vehicle Slowdown, Turn-By-Turn Navigation, Destination Download, eNav, RemoteLink mobile app, Remote Services, OnStar AtYourService services/systems.  Use of these infringing systems in their intended manner, and as they are designed and/or programmed to operate, infringe one or more claims of the '135 Patent.  Furthermore, OnStar appears to act as sole the service provider to users of these infringing systems.  OnStar thus infringes one or more claims of the '135

Patent, and is thus liable for infringement of the '135 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

10.     Upon information and belief, GM is the parent company of OnStar, and further makes, made, having made, installing, installed, using, used, importing, imported, providing, provided, supplying, supplied, distributing, distributed, selling, sold, offering and/or offered for sale products, services and/or systems (the "infringing systems") that infringe or, when used by their intended users in the manner intended by GM and/or OnStar, infringe(d) one or more claims of the '135 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, GM's infringing products/systems include, but are not limited to, at least its Chevrolet, Buick, GMC and Cadillac vehicles equipped with OnStar.  Use of these infringing systems in their intended manner, and as they are designed and/or programmed to operate, infringe one or more claims of the '135 Patent. GM thus infringes one or more claims of the '135 Patent, and is thus liable for infringement of the '135 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendants have infringed the '135 Patent;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '135 Patent;

3.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '135 Patent as provided under 35 U.S.C. § 284;

4.     An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendants' prohibited conduct with notice made at least as early as the service date of this Complaint, as provided under 35 U.S.C. § 284;

5.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6.     Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


November 18, 2015                          Respectfully Submitted,

                                           **KAPPA DIGITAL, LLC**

                                    By:    /s/ Ronald W. Burns
                                           Ronald W. Burns
                                           Texas State Bar No. 24031903
                                           Ronald W. Burns, Esq.
                                           15139 Woodbluff Drive
                                           Frisco, Texas  75035
                                           Phone:  972-632-9009
                                           rburns@burnsiplaw.com

                                           **ATTORNEY FOR PLAINTIFF**
                                           **KAPPA DIGITAL, LLC**